Case No.    **CV 19-1177-JFW(FFMx)**                                    Date: April 16, 2019

Title:      Meiners Oaks Water District -v- Susan Moll, et al

**PRESENT:**
            **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    Shannon Reilly                              None Present
    Courtroom Deputy                            Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                            None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO VENTURA COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 25, 2018, Plaintiff Meiners Oaks Water District ("Plaintiff"), filed a Complaint against Defendants Susan Moll ("Moll") and Morgan Ostling ("Ostling") (collectively, "Defendants") in Ventura County Superior Court. On January 14, 2019, Moll filed a cross-complaint against Plaintiff and Third Party Defendants Mike Hollebrands ("Hollebrands"), Larry Frager ("Frager"), and Benner and Carpenter, Inc. ("Benner") (collectively, "Third Party Defendants"). The cross-complaint alleges causes of action for: (1) nuisance; (2) trespass; (3) negligence; (4) quiet title; (5) violation of the Racketeer Influenced and Corrupt Organzations Act ("RICO"), 18 U.S.C. § 1962; (6) breach of contract; (7) breach of implied covenant of good faith and fair dealing; (8) professional negligence; (9) intentional infliction of emotion distress; (10) negligent infliction of emotional distress; and (11) abuse of process. On February 15, 2019, Frager and Benner filed a Notice of Removal, alleging that this Court has subject matter jurisdiction on the basis of federal question. *See* 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Frager and Benner bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. In their Notice of Removal, Frager and Benner assert that the RICO cause of action in the cross-complaint presents a federal question over which this Court has jurisdiction. However, removal based on Section 1331 is governed by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Id*. "Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question." *Redevelopment Agency of City of San Bernardino v. Alvarez*, 288 F.Supp.2d 1112, 1115 (C.D. Cal.2003). Therefore, a RICO claim raised in a cross-complaint cannot form a basis for federal question jurisdiction.

In addition, only a defendant may remove an action. 28 U.S.C. § 1441(a). A third-party defendant is not a "defendant" within the meaning of this statute, and, thus, a third-party defendant may not remove an action to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–08 (1941) (holding that Congress's omission of the phrase "either party," which had appeared in the previous removal statute, should be construed to deny the right to removal to plaintiffs who are the subject of counterclaims by their defendants); *Westwood Apex v. Contreras*, 644 F.3d 799, 806 (9th Cir. 2011) (citing "the longstanding rule that a party who is joined to such an action as a defendant to a counterclaim or as a third-party defendant may not remove the case to federal court"). Because Frager and Benner are not considered "defendants" for purpose of the removal statute, this action must be remanded. *See Sharp Surgery Center v. SHPS, Health Management Solutions, Inc.*, 2014 WL 12561585 *C,D. Cal. Mar. 10, 2014); *see also Aramid Entertainment B,V. v. Bontempo Holdings, LLC,* 2011 WL 71441 (C.D. Cal. Jan. 7, 2011) (holding that third party defendants could not remove action based on cross-complaint containing a RICO cause of action); *Midland Funding LLC v. Korte*, 2013 WL 1165031 (E.D. Cal. Mar. 20, 2013) (holding that FDCPA cross-complaint cannot form basis for removal jurisdiction under § 1441(a)).

For the foregoing reasons, Frager and Benner have failed to establish a basis for subject matter jurisdiction or their right to remove this action.[1] Accordingly, this action is **REMANDED** to Ventura County Superior Court. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1] "This Court follows the majority rule and holds that removal by a third party defendant is a jurisdictional, rather than a procedural, defect." *Sharp Surgery Center*, 2014 WL 12561585; *see also Flagstar Bank, FSB v. Aki*, 2011 WL 2746809, at *2 (D. Haw. July 12, 2011) ("Improper removal by a third-party defendant implicates federal subject matter jurisdiction"); Aramid Entertainment, 2011 WL 71441 (reviewing law of various circuits and concluding that the "action must be remanded" because a third-party defendant is not a "defendant"); *United Collection Serv., Inc. v. Donaldson*, 2006 WL 1307899, at *1 (W.D. Wash. May 9, 2006) (remanding *sua sponte* action removed by third-party defendant); *Ciolino v. Ryan*, 2003 WL 21556959, at *6 (N.D. Cal. July 9, 2003) (holding that "the Court lacks subject matter jurisdiction" over action removed by third-party defendant).